### SCHLESINGER *et al.* v. SEEBERGER, Collector.[1]

*(Circuit Court, N. D. Illinois. July 18, 1889.)*

CUSTOMS DUTIES—CLASSIFICATION—SKINS DRESSED.

Skins dressed with the hair on, and sewed together in pieces 18 inches wide, and from 36 to 48 inches long, and used indifferently as rugs, mats, sleigh robes, and overcoat trimmings, are dutiable as "skins dressed and finished," under clause 461 of Heyl's Arrangement of the Customs Act of 1883, and not as "rugs," under clause 378 of said Arrangement, which expressly refers to wool and woolen goods.

At Law.

*Shuman & Defrees*, for plaintiffs.

*W. G. Ewing*, U. S. Dist. Atty., and *G. H. Harris*, Asst. U. S. Atty., for defendant.

BLODGETT, J. Plaintiffs imported a quantity of skins dressed with the hair on, which were invoiced as "Chinese goatskins." They were tanned, so as to make the skins soft and pliable, and consisted of small pieces of skin sewn together, so as to make parallelograms of about 18 inches wide, and from 36 to 48 inches long. The collector assessed them for duty as "rugs," under clause 378 of Heyl's Arrangement of the Customs Laws, at 40 per cent. *ad valorem*. The plaintiffs paid the duty so assessed under protest, claiming that they should have been assessed as "skins dressed and finished," etc., under clause 461 of Heyl, at a duty of 20 per cent. *ad valorem*.

The proof shows that these goods are sold to some extent for the purpose of being used as floor rugs; that they are also sold for door mats

[1] Reported by Louis Boisot, Jr., of the Chicago bar.

and vestibule mats, and are sometimes used for sleigh and carriage robes, and for trimming for overcoats, and such like uses. I do not think, from the proof, that the skins in question were necessarily intended to be used in the shapes in which they were sewn together when imported, but that it was expected that they might be ripped apart at the seams, and applied to the different uses for which they were in demand, either in the natural colors of the skins themselves, or after having been dyed and lined. It therefore seems to me that these articles are not so exclusively used as rugs, and applied to that use, as to make them dutiable as "rugs." They fall naturally within the law, and, it seems to me, within the spirit, of the provisions of clause 461, as "skins, dressed and finished," and in that condition are adaptable for various uses besides that of rugs. The clause under which the collector assessed them for duty is found in Schedule K, which in terms is intended to include "wool and woolen goods." Certainly, these are neither wool nor manufactures of wool, but come much more naturally within the group of goods called "Sundries," provided for in Schedule N of the act of 1883. The mere fact that they are used, or may be used, by some people for rugs does not necessarily bring them within the operation of the provision of the law which provides for a duty on "rugs" in the group of wool and woolen manufactures. The goods in question, it is true, may be, and to some extent are, used on floors in the manner that rugs are used; but this does not make them dutiable as "rugs," if they are elsewhere specifically described and provided for; and it seems to me they are so described and provided for under the terms "skins, dressed and finished," in clause 461; and, when so described, the use to which they may be applied does not determine their classification or rate of duty. Suppose they had been tanned into leather, I take it there would be no pretext but what they would be dutiable as leather in some of its forms, and not as rugs, although some person might buy and use them in place of rugs. I am therefore of opinion that the goods should have been assessed under clause 461 at a duty of 20 per cent. *ad valorem*, and the issue is found for the plaintiffs.